## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Changshan Li, *individually and on behalf of all others similarly situated*,<br><br>            Plaintiff,<br><br>vs.<br><br>New Asia Chinese Restaurant Wan Da Inc. d/b/a New Asia d/b/a New Asia Chinese Restaurant d/b/a New Asia Express Restaurant d/b/a New Asia Express, Hong Sheng Lin, and Rong Lin,<br><br>            Defendants. | Civil Action No.:<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br>**Jury Trial Demanded** |

## INTRODUCTION

1.      Plaintiff Changshan Li ("Plaintiff") brings this collective and class action on behalf of himself and other similarly situated individuals who have worked for New Asia Chinese Restaurant Wan Da Inc. d/b/a New Asia d/b/a New Asia Chinese Restaurant d/b/a New Asia Express Restaurant d/b/a New Asia Express ("New Asia") ("Defendants") as non-exempt Manual Laborers. Plaintiff and the putative Class and Collective Members challenge Defendants' minimum wage and overtime violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. ("FLSA"), as well as the wage, hour, labor, and other applicable laws of the States of Minnesota, including the Minnesota Fair Labor Standards Act, Minn. Stat. § 177.21 et seq. ("MFLSA") and the Minnesota Payment of Wages Act, Minn. Stat. § 181.01 et seq. ("MPWA").

2.      As manual laborers, Plaintiff and the putative Class and Collective Members were

1

and are[1] non-exempt employees under federal and state wage and hour laws and should receive minimum wage and overtime pay consistent with the requirements of those laws. However, Defendants do not pay their manual laborers minimum wage and overtime as required by law. Instead, Defendants fraudulently misrepresent the actual number of hours worked by their manual laborers and make improper deductions from wages, thereby robbing said employees of pay at the applicable minimum wage and at time-and-a-half for overtime hours worked. These employees perform substantially the same job duties and responsibilities and are compensated pursuant to the same company policies. They are similarly situated under Federal Rule of Civil Procedure 23 and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

3.     Plaintiff sues on behalf of himself and other similarly situated laborers who have worked and are currently working for Defendants, and who elect to opt into this action pursuant to the collective action provision of the FLSA. This action claims that Defendants have violated and continue to violate the wage-and-hour provisions of the FLSA by depriving Plaintiffs, as well as those similarly situated to Plaintiff, of their lawful minimum wage and overtime wages.

4.     The national FLSA Collective ("Collective"), represented by Plaintiff Changshan Li, is comprised of all people who are or have been employed by Defendants as manual laborers and whose hours were misrepresented by Defendants, within the United States within three years prior

---

[1]     Upon information and belief, Defendants' illegal policies and practices as alleged herein continue to be followed and are ongoing despite Plaintiffs' use of the past tense regarding their employment with Defendants. Therefore, Plaintiffs use the present tense throughout the Complaint where applicable.

to this action's filing date through the final disposition of this action (the "Class Period").

5.      Plaintiff and all similarly situated employees who elect to participate in this action seek unpaid compensation, an equal amount in liquidated damages and/or prejudgment interest, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

6.      Plaintiff also brings this action under the Minnesota wage and hour statutes. The Minnesota Class, represented by Plaintiff Changshan Li, is comprised of all people who are or have been employed by Defendants and who were subjected to the fraudulent time reduction scheme described herein within the State of Minnesota within the Class Period. Plaintiff intends to seek class certification under Rule 23 of the Federal Rules of Civil Procedure for the Minnesota Class.

7.      Plaintiff and the Minnesota Class Members seek unpaid wages and restitution pursuant to Minnesota minimum wage and overtime laws, as well as liquidated damages, statutory penalties, reimbursement of unlawful deductions, prejudgment interest, attorneys' fees, and costs as allowed by Minnesota state law.

8.      Accordingly, the above-named Plaintiff brings this action on behalf of himself and on behalf of a class of similarly situated persons who have worked as manual laborers for Defendants in Minnesota ("the Class Members") for statutory violations that stem from these wage violations.

## JURISDICTION AND VENUE

9.       The Court has original jurisdiction over Plaintiff's federal claim under 28 U.S.C. § 1331 because the action involves a federal statute, the FLSA, 29 U.S.C. §§ 201, *et seq*.

10.     This Court has supplemental jurisdiction over Plaintiff's Minnesota state law claims

pursuant to 28 U.S.C. § 1367 because these claims derive from a common nucleus of operative fact.

11.　　Venue in the District of Minnesota is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the unlawful conduct described herein occurred on work sites within Minnesota.

12.　　Defendants are subject to personal jurisdiction in this District because Defendants are registered to do business in the state of Minnesota, and have their principal place of business in St. Paul, Minnesota. Defendants operated work sites within Minnesota on which Plaintiffs, Collective Members, and Class Members provided their labor. Defendants contract with residents and businesses within Minnesota for the services provided by their manual labor workforce.

13.　　This Court is empowered to issue a declaratory judgment and further relief pursuant to 28 U.S.C. § 2202.

14.　　Total damages exceed $75,000 and will be proved with specificity at trial.

## **PLAINTIFF**

15.　　Plaintiff Changshan Li (hereinafter "Plaintiff Li") is an individual who resides in Minnesota.

16.　　Between approximately April 4, 2020 and April 2, 2022, Plaintiff Li was employed as a food delivery person at Defendants' restaurant located at 474 Lexington Pkwy, North, St. Paul, MN 55104. Plaintiff's job duties include delivering food to customers and packing food for delivery.

4

17.    The Collective Members are or have been employed by Defendants as manual laborers in Minnesota within the Class Period (three years prior to the filing of this Complaint until final disposition).

18.    The Minnesota Class Members are all non-exempt employees who are or have been employed by Defendants in the state of Minnesota within the Class Period.

## DEFENDANTS

### *Corporate Defendant*

19.    Defendant New Asia Chinese Restaurant Wan Da Inc. d/b/a New Asia d/b/a New Asia Chinese Restaurant d/b/a New Asia Express Restaurant d/b/a New Asia Express (hereinafter "New Asia") is a domestic business corporation incorporated under the laws of Minnesota and has its registered office at 474 Lexington Pkwy, North, St. Paul, MN 55104. Defendant is engaged in the restaurant business and operates in the state of Minnesota.

20.    Upon information and belief, New Asia currently has 7 to 8 employees.

21.    Upon information and belief, New Asia is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

22.    Upon information and belief, New Asia purchased and handled goods moved in interstate commerce.

23.    At all times relevant times, New Asia was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

### *Owner/ Operator Defendants*

5

24.   Upon information and belief, Defendant Hong Sheng Lin (hereinafter "Defendant Lin") is/or at all relevant times were a founder, officer, director, president, principle, vice president, and/or owner of Defendant New Asia.

25.   Upon information and belief, Defendant Rong Lin (hereinafter "Defendant Rong Lin") is/or at all relevant times were a founder, officer, director, president, principle, vice president, and/or owner of Defendant New Asia.

26.   Defendant Lin acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2; MFLSA § 177.23 and the regulations thereunder; and is jointly and severally liable with New Asia.

27.   Defendant Rong Lin acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2; MFLSA § 177.23 and the regulations thereunder; and is jointly and severally liable with New Asia.

28.   Upon information and belief, Defendant Lin determined the wages and compensation of the employees of Defendants, including Plaintiff, maintained employee records, and had the authority to hire and fire employees.

29.   Upon information and belief, Defendant Rong Lin determined the wages and compensation of the employees of Defendants, including Plaintiff, maintained employee records, and had the authority to hire and fire employees.

30.   Plaintiff has fulfilled all conditions precedent to the institution of this action and/or

conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

31.    Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the defendants at their restaurant locations for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") (the "Collective Action Members"). Upon information and belief, the Collection Action Members are so numerous that joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the defendants. Upon information and belief, there are more than 100 Collective Action members, who have worked for or have continued to work for the defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, this case should be certified as a collection action under the FLSA, 29 U.S.C. §216(b).

32.    Plaintiff will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

33.    This action should be certified as a collective action because the prosecution of separate action by individual members of the collective action would risk creating either

inconsistent or varying adjudication with respect to individual members of this class that would as a practical matter be dispositive of the interest of the other members not party to the adjudication, or subsequently impair or impede the ability of others to protect their interests.

34.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

35.    Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

> a.  Whether the defendants employed Collective Action members within the meaning of the FLSA;
>
> b.  Whether the defendants' violations of the FLSA are willful as those terms is used within the context of the FLSA; and,
>
> c.  Whether the defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive,

and statutory damages, interest, costs and disbursements and

attorneys' fees.

36.   Plaintiff knows of no difficulty that will be encountered in the management of this

litigation that would preclude its maintenance as a collective action.

37.   Plaintiff and others similarly situated have been substantially damaged by

Defendants' unlawful conduct.

## CLASS ALLEGATIONS

38.   Plaintiff brings this action as a class action pursuant to Minnesota Rule of Civil

Procedure 23. Plaintiff seeks to represent the following Class:

> All individuals who were employed by New Asia in the State
> of Minnesota and worked at least one shift during the Class
> Period. Excluded from the Class are New Asia's current or
> former officers, directors, or members; counsel for Plaintiff
> and New Asia; and the judicial officer to whom this lawsuit is
> assigned.

39.   Members of the Class are referred to as "Class Members."

40.   The "Class Period" encompasses the period from April 4, 2020, through the date of

class certification.

41.   The requirements of Minnesota Rule of Civil Procedure 23.01 and 23.02(c) are

satisfied because:

a. *Numerosity*: The members of the Class are so numerous that joinder of all members

is impracticable. While the exact number of Class members is presently unknown to

Plaintiffs, on information and belief, Plaintiffs estimate the Class to number in excess

of 40 individuals.

9

b. *Commonality and Predominance*: There are questions of law and fact common to the Class members that predominate over individual questions. These include, but are not limited to, the following:

> i. The nature and scope of Defendants' policies with regard to gratuities;
>
> ii. Whether Defendants' unlawfully required or coerced Class members to contribute their gratuities to a fund or pool;
>
> iii. Whether Defendants' conduct injured Class members and, if so, the extent of the injury; and
>
> iv. The appropriate remedies for Defendants' conduct.

c. *Typicality*: Plaintiffs' claims are typical of the claims of the Class members because Plaintiffs suffered the same injury as the Class members- i.e., Defendants' denied gratuities to Plaintiffs and the Class members via the same schemes in violation of Minnesota law.

d. *Adequacy*: Plaintiffs will fairly and adequately represent and protect the interests of the Class members. Plaintiffs do not have any interests that are adverse to those of the Class members. Plaintiffs have retained competent counsel experienced in class action litigation and intends to prosecute this action vigorously.

e. *Superiority*: A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single

forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender, while an important public interest will be served by addressing the matter as a class action.

42.    The prerequisites for maintaining a class action for injunctive or equitable relief under Minnesota Rule of Civil Procedure 23.02(b) are met because Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive or equitable relief with respect to each Class as a whole.

## STATEMENT OF FACTS

43.    Defendants committed the following alleged acts knowingly, intentionally, and willfully.

44.    Defendants knew that the nonpayment of minimum wage, overtime compensation, failure to provide the required wage notice at the time of hiring, and failure to provide the required earnings statement with every payment of wages, would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

45.    While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees' overtime compensation.

46.    From around April 4, 2020, to April 2, 2022, Plaintiff Li was employed as a food delivery person in Defendants' restaurant located at 474 Lexington Pkwy, North, St. Paul, MN 55104. Plaintiff Li's job duties included delivering food to customers and packing food for delivery.

### *April 4, 2020 to approximately April 4, 2021*

47.    From approximately April 4, 2020, to approximately April 4, 2021, Plaintiff Li

worked six days a week with Monday off. He would work from 10:40 am to 10:00 pm, without uninterrupted lunch break. Thus, he would work approximately sixty-nine (69) hours per week.

### *April 5, 2021, to approximately April 2, 2022*

48.     From approximately April 5, 2021, to April 2, 2022, Plaintiff Li worked six days per week. He would work from 10:40 am to 9:30 pm, without a lunch break. Plaintiff worked approximately sixty-seven (67) hours per week.

49.     Throughout Plaintiff's employment with Defendants, Defendants paid Plaintiff monthly in check.

50.     Throughout Plaintiff's employment with Defendants, Defendants paid Plaintiff a flat rate base salary regardless how many hours Plaintiff worked per day.

51.     During Plaintiff Li's employment with Defendants, Plaintiff was paid as follow:

> From approximately April 2020 to April 2021, Plaintiff Li was paid $300 per month by check regardless of how many hours he worked per week;
>
> From approximately May 2021 to July 2021, Plaintiff Li was paid $400 per month by check regardless of how many hours he worked per week;
>
> From approximately August 2021 to October 2021, Plaintiff Li was paid $500 per month by check regardless of how many hours he worked per week;
>
> From approximately November 2021 to January 2022, Plaintiff Li was paid $600 per month by check regardless of how many hours he worked per week;
>
> From approximately February 2022 to April 2022, Plaintiff Li was paid $700 per month by check regardless of how many hours he worked per week.

52.   Throughout his employment with Defendants, Plaintiff was not overtime-exempt under federal and state laws.

53.   Defendants did not pay Plaintiff any overtime for his hours worked over forty each week.

54.   On April 2, 2022, Plaintiff notified Defendants that he intended to file a complaint against the Defendants. Later that day, Plaintiff was fired.

55.   Defendants did not provide Plaintiff a written wage notice when he started working, including but not limited to information about his rate of pay and basis thereof, allowances, including tip and meals credits, claimed by Defendants, and the regular pay day designed by Defendants.

56.   Defendants did not provide Plaintiff with a correct earnings statement with every wage payment.

## CLAIMS

### COUNT I
### [Violations of the Fair Labor Standards Act—Minimum Wage
### Brought on behalf of the Plaintiff and the FLSA Collective]

57.   Plaintiff re-alleges and incorporates by reference by all preceding paragraphs as though fully set forth herein.

58.   At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the prod production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §206(a) and §207(a). Further, Plaintiff is covered within the meaning of FLSA, U.S.C.

§§206(a) and 207(a).

59.   At all relevant times, Defendants employed "employees" including Plaintiff, within the meaning of FLSA.

60.   Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

61.   The FLSA provides that any employer engaged in commerce shall pay employees the applicable minimum wage. 29 U.S.C. § 206(a).

62.   At all relevant times, Defendants had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, and the collective action members, for some or all of the hours they worked.

63.   The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid minimum compensation, and in an additional equal amount as liquidated damages.

64.   Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

### COUNT II
**[Violation of the Minnesota Fair Labor Standards Act Minimum Wage Violations Brought on behalf of Plaintiff and the State Law Class]**

65.   Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

66.    As detailed above, Defendants failed to, and continued to fail to, compensate Plaintiff and putative Minnesota Class members with the minimum wage for all hours worked.

67.    During the applicable statutory period, the MFLSA, Minn. Stat. § 177.21 et seq., was in full force and effect and required that Plaintiff and putative Minnesota Class members receive the Minnesota minimum wage for all hours worked. Under Minn. Stat. § 177.24, Subdivision 1, every large employer must pay each employee a minimum wage of $8.00 per hour beginning August 1, 2014, $9.00 per hour beginning August 1, 2015, and $9.50 per hour beginning August 1, 2016. Minnesota's minimum-wage rate will be adjusted for inflation beginning Jan. 1, 2018, and is currently set at $10.33.

68.    Plaintiffs and putative Minnesota Class Members were directed to work by Defendants and are not compensated at least at the Minnesota minimum wage rate for all time worked. Pursuant to Under Minn. Stat. § 177.24, Subdivision 1, Plaintiffs and putative Minnesota Class members are entitled to be compensated at least at the applicable Minnesota-mandated minimum wage rate for all time worked.

69.    Minn. R. 5200.0120, Subpart 1, provides as follows:

> The minimum wage must be paid for all hours worked. Hours worked include training time, call time, cleaning time, waiting time, or any other time when the employee must be either on the premises of the employer or involved in the performance of duties in connection with his or her employment or must remain on the premises until work is prepared or available. Rest periods of less than 20 minutes may not be deducted from total hours worked.

70.    Minn. R. 5200.0120, Subpart 2, provides that "[a]n employee who is required to remain on the employer's premises or so close to the premises that the employee cannot

use the time effectively for the employee's own purposes is working while on call."

71.     Pursuant to Minn. Stat. § 177.27, Subdivision 8, Plaintiffs and the putative Minnesota

Class Members are entitled to recover unpaid minimum wages under the MFLSA in a civil

action. Minn. Stat. § 177.27, Subdivision 8 further states:

> An employer who pays an employee less than the wages … to which the employee is entitled … is liable to the employee for the full amount of the wages, gratuities, and overtime compensation, less any amount the employer is able to establish was actually paid to the employee and for an additional equal amount as liquidated damages. In addition, in an action under this subdivision the employee may seek damages and other appropriate relief provided by subdivision 7 and otherwise provided by law.

72.     Minn. Stat. § 177.27, Subdivision 10 provides that in any action brought pursuant

to subdivision 8, the court shall order an employer who is found to have violated the

MFLSA minimum wage requirements "to pay to the employee or employees reasonable

costs, disbursements, witness fees, and attorney fees."

73.     Pursuant to Minn. Stat. § 549.03, when an employer of labor neglects or refuses

to pay the agreed price, or the reasonable value if there is no agreement, for 30 days after

it is due and payment is demanded, and the payment is recovered by action, the plaintiff

shall be allowed to collect and all of the disbursements allowed by law and double the

costs.

74.     Because of Defendants' policies and practices with regard to compensating

Plaintiff and putative Minnesota Class members, Defendants willfully failed to pay

minimum wages as required by Minnesota law. Defendants dilute Plaintiff's and the

putative Minnesota Class Members' regular hourly rates of pay below the minimum wage

by improperly deducting "expenses" from the workers' wages, as well as fabricating, underreporting or otherwise artificially reducing the total hours reported worked by Plaintiffs and the putative Minnesota Class Members. When the remuneration received by Plaintiffs and putative Class members is reduced by unreimbursed out-of-pocket expenses, and then divided by the actual hours worked, Plaintiffs and putative Class members are frequently compensated below the statutory minimum.

75.      Plaintiff and putative Class members are and have been deprived of minimum wages in an amount to be proven at trial, and are entitled to a recovery of such amount, plus statutory and liquidated damages, interest thereon, attorneys' fees, and costs of suit pursuant to Minn. Stat. § 177.24, Minn. Stat. § 177.27, and the related Administrative Rules. Plaintiff is entitled to recovery of double costs pursuant to Minn. Stat. § 549.03.

76.      Wherefore, Plaintiff and the putative Minnesota Class Members request relief as hereinafter provided.

## COUNT III
### [Violations of the Fair Labor Standards Act—Overtime Wage Brought on behalf of the Plaintiff and the FLSA Collective]

77.   Plaintiffs re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

78.   The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

79.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 U.S.C. §216(b).

80.     Defendants' failure to pay Plaintiff and the FLSA Collective their overtime premiums violated the FLSA.

81.     At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

82.     The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

83.     Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiffs' and FLSA Collectives' labor.

84.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would

financially injure Plaintiffs and Collective Action members.

**COUNT IV**
**[Violation of Minnesota Fair Labor Standards Act—Overtime Pay**
**Brought on behalf of Plaintiff and the State Law Class]**

85.    Plaintiffs incorporate by reference the allegations set forth above.

86.    Defendants do not compensate Plaintiff and putative Class members with the appropriate overtime rate for work performed in excess of forty-eight (48) hours per week.

87.    The MFLSA § 177.25 requires employers to pay overtime for all hours worked in excess of 48 per work week at a rate of one-and-one-half times the employee's regular rate of pay.

88.    Plaintiff and Minnesota Class Members do not fall into any of the provided exceptions to MFLSA § 177.25.

89.    Defendants' jointly enacted scheme of artificially reducing Plaintiffs and the Minnesota Class Members' reported working hours and failing to account for Plaintiffs and Minnesota Class Members' off-the-clock work had the effect of depriving Plaintiffs and Minnesota Class Members of overtime compensation for all hours worked beyond 48 in a work week.

90.    Minn. R. 5200.0120, Subp. 1, provides as follows:

> Hours worked include training time, call time, cleaning time, waiting time, or any other time when the employee must be either on the premises of the employer or involved in the performance of duties in connection with his or her employment or must remain on the premises until work is prepared or available. Rest periods of less than 20 minutes may not be deducted from total hours worked.

91.   Minn. R. 5200.0120, Subp. 2, provides that "[a]n employee who is required to remain on the employer's premises or so close to the premises that the employee cannot use the time effectively for the employee's own purposes is working while on call."

92.   Minn. R. 5200.0130 defines the regular rate of pay for overtime calculations as "the employee's remuneration in any workweek [divided] by the total hours worked." Minn. R. 2100.0140 excludes the following payments from the employee's remuneration for overtime calculations:

> A. Reimbursement for expenses incurred on the employer's behalf;
>
> B. Premium payments for overtime work or work on Saturdays, Sundays, holidays, or scheduled days off, if the premium rate is at least one-and-one-half times the normal rate;
>
> C. Bonuses given at the employer's discretion, as to both time and amount of payment;
>
> D. Cash or other valuables in the nature of gifts on special occasions;
>
> E. Payments for occasional periods when no work is performed including but not limited to vacation, holiday, or illness;
>
> F. Payments made pursuant to a bona fide profit-sharing plan or trust or bona fide thrift or savings plan, if amounts are determined without regard to production or efficiency; and
>
> G. Contributions irrevocably made by an employer to a trustee or third person pursuant to a bona fide plan for providing old-age, retirement, life, accident, or health insurance or similar benefits for employees.

93.   All other wages are subject to Minnesota's overtime requirements, including those set forth above.

94.     Minn. R. 5200.0150 requires that overtime "be paid no later than the payday immediately following the regular payday for the pay period in which it was earned."

95.     Pursuant to Minn. Stat. § 177.27, Subd. 8, Plaintiffs and the putative Minnesota Class Members are entitled to recover unpaid overtime wages under the MFLSA in court. Minn. Stat. § 177.27, Subd. 8, further states:

> An employer who pays an employee less than the … overtime compensation to which the employee is entitled … is liable to the employee for the full amount of the wages, gratuities, and overtime compensation, less any amount the employer is able to establish was actually paid to the employee and for an additional equal amount as liquidated damages. In addition, in an action under this subdivision the employee may seek damages and other appropriate relief provided by subdivision 7 and otherwise provided by law.

96.     Minn. Stat. § 177.27, Subd. 10 provides that in any action brought pursuant to Subd. 8, the court shall order an employer who is found to have violated the MFLSA overtime requirements "to pay to the employee or employees reasonable costs, disbursements, witness fees, and attorney fees."

97.     Pursuant to Minn. Stat. § 549.03, when an employer of labor neglects or refuses to pay the agreed price, or the reasonable value if there is no agreement, for 30 days after it is due and payment is demanded, and the payment is recovered by action, the plaintiff shall be allowed to collect any and all of the disbursements allowed by law and double the costs.

98.     Because of Defendants' policies and practices with regard to compensating Plaintiffs and putative Minnesota Class members, Defendants have willfully failed to pay overtime wages as required by Minnesota law. Defendants dilute Plaintiffs' and the putative Minnesota Class Members' reported hours worked to avoid paying overtime by fabricating,

21

underreporting or otherwise artificially reducing the total hours reported worked by Plaintiffs and the putative Minnesota Class Members. The actual hours worked by Plaintiffs and the putative Minnesota Class Members exceed the threshold for overtime pay. When the remuneration received by Plaintiffs and putative Minnesota Class Members is reduced by unreimbursed out-of-pocket expenses, and then divided by the actual hours worked, Defendants fail to compensate by Plaintiff and putative Class members at the appropriate overtime rate for all of these hours.

99.    Plaintiffs and putative Minnesota Class Members have been and are being deprived of overtime wages in an amount to be proven at trial, and are entitled to recovery of such amount, plus statutory and liquidated damages, interest thereon, attorneys' fees, and costs of suit pursuant to Minn. Stat. § 177.25, § 177.27, and the related Administrative Rules. Plaintiffs are entitled to recovery of double costs pursuant to Minn. Stat. § 549.03.

100.   Wherefore, Plaintiffs and the putative Minnesota Class Members request relief as hereinafter provided.

**COUNT V**
**[Violation of Minnesota Fair Labor Standards Act—Failure to Keep Accurate Records - Brought on behalf of Plaintiff and the State Law Class]**

101.   Plaintiffs incorporate by reference the allegations set forth above.

102.   Defendants do not and did not maintain accurate payroll records for Plaintiff and putative Minnesota Class members as required by Minnesota law.

103.   Minn. Stat. § 177.30 requires every employer subject to Minn. Stat. §§ 177.21 - 177.44 to make and keep a record of the name, address, and occupation of each employer,

their rate of pay and the amount paid each pay period to each employee, and the hours worked each day and each workweek by the employee. The statute requires employers to keep these records for three years.

104.    Defendants jointly violate Minn. Stat. § 177.30 by failing to accurately make and keep a record of the hours actually worked by Plaintiff and the putative Minnesota Class Members. Instead, Defendants record inaccurate and artificially reduce hours worked by Plaintiffs and putative Minnesota Class Members. Accordingly, Plaintiff and putative Minnesota Class Members are entitled to civil penalties for each violation as well as injunctive relief.

105.    Pursuant to Minn. Stat. § 177.30(b), the Commissioner of the Minnesota Department of Labor and Industry (the "Commissioner") may fine an employer up to $1,000 for each failure to maintain payroll records as required. In determining the amount of a civil penalty, the size of the employer's business and the gravity of the violation shall be considered.

106.    Pursuant to Minn. Stat. § 177.27, Subdivision 7, the Commissioner may order employers who violate Minn. Stat. § 177.30 and other Minnesota wage and hour laws to pay civil penalties, attorneys' fees, and other appropriate relief. Additionally, any employer who is found by the Commissioner to have repeatedly or willfully violated the provisions in Minn. Stat. §§ 177.21-177.44, including Minn. Stat. § 177.30, shall be subject to a civil penalty of up to $1,000 for each violation for each employee.

107.    Pursuant to Minn. Stat. § 177.27, Subdivision 8, employees may seek damages and

other appropriate relief that may alternatively be sought by the Commissioner under Minn. Stat. § 177.27, Subdivision 7 and as otherwise provided by law.

108.    Minn. Stat. § 177.27, Subdivision 10 provides that in any action brought pursuant to Minn. Stat. § 177.27, Subdivision 8, the court shall order an employer who is found to be in violation "to pay to the employee or employees reasonable costs, disbursements, witness fees, and attorney fees."

109.    Defendants do not maintain accurate payroll records for Plaintiffs and putative Minnesota Class members in accordance with Minn. Stat. § 177.30(a). The payroll records for Plaintiffs and putative Minnesota Class members do not accurately reflect the actual hours worked or the actual rate of pay.

110.    Defendants are liable to Plaintiffs and the putative Minnesota Class Members for the penalties described above in an amount according to proof at time of trial. Furthermore, Plaintiffs are entitled to an award of attorneys' fees and costs as set forth below, pursuant to Minn. Stat. § 177.27, Subdivision 10.

111.    Wherefore, Plaintiffs and the putative Minnesota Class Members request relief as hereinafter provided.

### COUNT VI
### [Failure to Pay for All Hours Worked Under Minnesota Law - Plaintiff and the State Law Class]

112.    Plaintiffs incorporate by reference the allegations set forth above.

113.    Defendants willfully engaged and continue to engage in a policy and practice of not compensating Plaintiff and putative Class members for all hours worked or spent in their control.

114. Defendants regularly schedule Plaintiff and putative Minnesota Class members to work shifts exceeding 10 hours. However, Defendants falsify and fabricate time records indicating Plaintiff and putative Minnesota Class members work fewer than the actual number of hours worked per shift. Further, Defendants intentionally and willfully require Plaintiff and putative Minnesota Class members to complete additional work off-the-clock Defendants do not compensate Plaintiffs and Class members for this off-the-clock time. As a result, Defendants fail to pay Plaintiffs and putative Class members for all hours worked and failed to accurately track their actual hours worked.

115. Minn. R. 5200.0120, Subpart 1, provides as follows:

> Hours worked include training time, call time, cleaning time, waiting time, or any other time when the employee must be either on the premises of the employer or involved in the performance of duties in connection with his or her employment or must remain on the premises until work is prepared or available. Rest periods of less than 20 minutes may not be deducted from total hours worked.

116. Minn. R. 5200.0120, Subpart 2, provides that "[a]n employee who is required to remain on the employer's premises or so close to the premises that the employee cannot use the time effectively for the employee's own purposes is working while on call."

117. Defendants require Plaintiffs and the putative Minnesota Class members to work off-the-clock without compensation. Defendants also fabricate, falsify, and artificially reduce the recorded work hours by Plaintiffs and the Class members. In other words, Plaintiffs and the Class members are forced to perform work for the benefit of Defendants without compensation for all hours worked.

118. Minn. Stat. § 181.101(a) provides as follows:

> [E]very employer must pay all wages earned by an employee at least once every 31 days on a regular payday designated in advance by the employer regardless of whether the employee requests payment at longer intervals. Unless paid earlier, the wages earned during the first half of the 31-day period become due on the first regular payday following the first day of work.

119.   The MPWA, Minn. Stat. § 181.14, Subdivision 1, provides as follows:

> Wages are earned and unpaid if the employee was not paid for all time worked at the employee's regular rate of pay or at the rate required by law, including any applicable statute, regulation, rule, ordinance, government resolution or policy, contract, or other legal authority, whichever rate of pay is greater.

120.   Pursuant to Minn. Stat. § 181.171, Subdivisions 1 and 3, Plaintiffs and the putative Minnesota Class members are entitled to recover unpaid wages, civil penalties, compensatory damages, injunctive relief, and attorneys' fees and costs in a civil action for violations of Minn. Stat. §§ 181.101 and 181.14.

121.   Pursuant to Minn. Stat. § 549.03, when an employer of labor neglects or refuses to pay the agreed price, or the reasonable value if there is no agreement, for 30 days after it is due and payment is demanded, and the payment is recovered by action, the plaintiff shall be allowed to collect and all of the disbursements allowed by law and double the costs.

122.   In violation of Minnesota law, Defendants knowingly and willfully refuse to perform their obligations to provide Plaintiffs and the putative Class members with compensation for all time worked. Defendants regularly falsify and manipulate time records, fail to track the time these employees actually worked, and fail to compensate these employees for all hours worked. Therefore, Defendants committed the acts alleged herein knowingly and willfully, and in conscious disregard of the Plaintiffs and the putative

26

Minnesota Class members' rights. Plaintiffs and the putative Minnesota Classes are thus entitled to recover nominal, actual, statutory, and compensatory damages, plus interest, attorneys' fees, expenses, and costs of suit, pursuant Minn. Stat. § 181.171, Subdivisions 1 and 3. Plaintiffs are entitled to recovery of double costs pursuant to Minn. Stat. § 549.03.

123.    As a proximate result of the aforementioned violations, Plaintiffs and the putative Minnesota Class have been damaged in an amount according to proof at time of trial.

124.    Wherefore, Plaintiffs and the putative Minnesota Class request relief as hereinafter provided.

## COUNT VII
### [Failure to Pay Wage Promptly - Plaintiff and the State Law Class]

125.    Plaintiffs incorporate by reference the allegations set forth above.

126.    Plaintiffs and the putative Minnesota Class Members were and are nonexempt employees of Defendants within the meaning of Minn. Stat. § 177.22 and are entitled to the protections of all Minnesota wage statutes, including Minn. Stat. § 181.

127.    The MPWA, Minn. Stat. §§ 181.13 and 181.14, requires prompt payment of all wages to employees for all hours worked at the end of employment.

128.    Minn. Stat. § 181.13, Subdivision 1, provides as follows:

> When any employer employing labor within this state discharges an employee, the wages or commissions actually earned and unpaid at the time of the discharge are immediately due and payable upon demand of the employee. Wages are actually earned and unpaid if the employee was not paid for all time worked at the employee's regular rate of pay or at the rate required by law, including any applicable statute, regulation, rule, ordinance, government resolution or policy, contract, or other legal authority, whichever rate of pay is greater.

27

129. Minn. Stat. § 181.13, Subdivision 1, further provides the following regarding discharged employees:

> If the employee's earned wages and commissions are not paid within 24 hours after demand, whether the employment was by the day, hour, week, month, or piece or by commissions, the employer is in default. In addition to recovering the wages and commissions actually earned and unpaid, the discharged employee may charge and collect a penalty equal to the amount of the employee's average daily earnings at the employee's regular rate of pay or the rate required by law, whichever rate is greater, for each day up to 15 days, that the employer is in default, until full payment or other settlement, satisfactory to the discharged employee, is made. . . . An employee's demand for payment under this section must be in writing but need not state the precise amount of unpaid wages or commissions. An employee may directly seek and recover payment from an employer under this section even if the employee is not a party to a contract that requires the employer to pay the employee at the rate of pay demanded by the employee, so long as the contract or any applicable statute, regulation, rule, ordinance, government resolution or policy, or other legal authority requires payment to the employee at the particular rate of pay. The employee shall be able to directly seek payment at the highest rate of pay provided in the contract or applicable law, and any other related remedies as provided in this section.

130. Minn. Stat. § 181.14, Subdivision 1, provides as follows:

> When any [] employee quits or resigns employment, the wages or commissions earned and unpaid at the time the employee quits or resigns shall be paid in full not later than the first regularly scheduled payday following the employee's final day of employment, unless an employee is subject to a collective bargaining agreement with a different provision. Wages are earned and unpaid if the employee was not paid for all time worked at the employee's regular rate of pay or at the rate required by law, including any applicable statute, regulation, rule, ordinance, government resolution or policy, contract, or other legal authority, whichever rate of pay is greater. If the first regularly scheduled payday is less than five calendar days following the employee's final day of employment, full

28

> payment may be delayed until the second regularly scheduled payday but shall not exceed a total of 20 calendar days following the employee's final day of employment.

131.   Minn. Stat. § 181.14, Subdivision 2, provides the following regarding employees who quit or resign:

> Wages or commissions not paid within the required time period shall become immediately payable upon the demand of the employee. If the employee's earned wages or commissions are not paid within 24 hours after the demand, the employer shall be liable to the employee for a penalty equal to the amount of the employee's average daily earnings at the employee's regular rate of pay or the rate required by law, whichever rate is greater, for every day, not exceeding 15 days in all, until such payment or other settlement satisfactory to the employee is made. The employer shall also be liable to the employee for the amount of wages and commissions that are earned and unpaid. An employee's demand for payment under this section must be in writing but need not state the precise amount of unpaid wages or commissions. An employee may directly seek and recover payment from an employer under this section even if the employee is not a party to a contract that requires the employer to pay the employee at the rate of pay demanded by the employee, so long as the contract or any applicable statute, regulation, rule, ordinance, government resolution or policy, or other legal authority requires payment to the employee at the particular rate of pay. The employee shall be able to directly seek payment at the highest rate of pay provided in the contract or applicable law, and any other remedies related thereto as provided in this section.

132.   Pursuant to Minn. Stat. § 181.171, Subdivisions 1 and 3, Plaintiffs and the putative Minnesota Class members are entitled to recover unpaid wages, civil penalties, compensatory damages, and attorneys' fees and costs in a civil action for violations of Minn. Stat. §§ 181.13 and 181.14.

133.   By the actions alleged above, Defendants violated and continue to violate the

provisions of Minn. Stat. §§ 181.13 and 181.14 by failing to pay any wage whatsoever to Plaintiffs and putative Minnesota Class members when they work off-the-clock, are deprived of correct overtime compensation, or are subjected to improper deductions of wages. Moreover, Defendants regularly require Plaintiffs and putative Class Members to pay out-of-pocket for work expenses, as described above, and fail to fully reimburse Plaintiffs and putative Class Members for those expenses, if at all. These amounts remain due upon the separation of employment. Therefore, Defendants committed, and continue to commit, the acts alleged herein knowingly and willfully, and in conscious disregard of Plaintiffs and putative Minnesota Class Members' rights. Plaintiffs and putative Minnesota Class Members are thus entitled to recover nominal, actual, statutory, and compensatory damages, plus interest, attorneys' fees, expenses, and costs of suit, pursuant to Minn. Stat. n§ 181.171, Subdivisions 1 and 3.

134.    As a proximate result of the aforementioned violations, Plaintiffs and putative Minnesota Class members have been damaged in an amount according to proof at time of trial.

135.     Wherefore, Plaintiffs and the putative Minnesota Class members request relief as hereinafter provided.

## COUNT VIII
### [Wage Statement Violation - Plaintiff and the State Law Class]

136.    Plaintiffs incorporate by reference the allegations set forth above.

137.    MWPA § 181.032 requires employers, at the end of each pay period, to provide each employee an earnings statement covering that pay period. The statute requires that the

30

wage statement must include: the employee's name, the hourly rate of pay, the total number of hours worked by the employee, the total amount of gross pay, the list of deductions made from the employee's pay, the net amount of pay after all deductions are made, the date on which the pay period ends, the legal name of the employer and operating name of the employer if different from the legal name, employee's rate or rates of pay and basis thereof, including whether the employee is paid by the hour, shift, day, week, salary, piece, commission or other method, allowances claimed for permitted meals and lodging, employer's telephone contact, and physical address of employer's main office or principal place of business and mailing address, if different. *See* Minn. Stat. § 181.032(b).

138.  Defendants violated and continue to violate MPWA § 181.032 because Defendants fail to provide freely-accessible wage statements to Plaintiffs and the putative Minnesota Class members in a timely fashion. When wage statements are provided, if at all, Defendants fail to state the total number of hours actually worked by Plaintiffs and the putative Minnesota Class members on their earning statements.

139.  Defendants' violations of the above-named statutes are willful and not the result of mistake or inadvertence.

140.  As a direct and proximate result of Defendants' actions, Plaintiffs and putative Minnesota Class Members have been and continue to be damaged, suffering economic harm, lost earnings and benefits, and other damages.

141.  Defendants are liable to Plaintiffs and putative Minnesota Class Members for civil penalties, damages, compensatory damages, and other relief including but not limited to injunctive relief, and all costs and attorneys' fees incurred in this action.

142.     Wherefore, Plaintiffs and the putative Class members request relief as hereinafter provided.

## COUNT IX
### [Written Notice Violation - Plaintiff and the State Law Class]

143.     Plaintiffs incorporate by reference the allegations set forth above.

144.     MWPA § 181.032 requires employers to provide written notice to employees about their employment status and terms of employment, including wages, hours and benefits at the start of their employment. The notice must contain the following specific information about an employee's employment status and terms of employment: employee's employment status and whether an employee is exempt from minimum wage, overtime and other state wage and hour laws, and on what basis; number of days in the employee's pay period and the regularly scheduled payday; date the employee will receive the first payment of wages earned; employee's rate or rates of pay and the basis thereof, including whether the employee is paid by the hour, shift, day, week, salary, piece, commission or other method and the specific application or any additional rates; allowances, if any, that may be claimed for permitted meals and lodging; provision of paid vacation, sick time or other paid time off, how the paid time off will accrue and terms for its use; a list of deductions that may be made from the employee's pay; employer's legal name and the operating name, if different; physical address of employer's main office or principal place of business and a mailing address, if different; employer's telephone number. *See* Minn. Stat. § 181.032(b).

145.     Further, employers are required to keep a copy of the notice signed by each employee. All employers must provide the notice to employees in English. The notice must

include a statement, in multiple languages, that informs employees they may request the notice be provided to them in another language. The employer must provide the notice in another language if requested by the employee. Employers are also required to provide employees in writing any changes to the information in the notice before the date the changes take effect. *See* Minn. Stat. § 181.032(b).

146.    Defendants violated and continue to violate MPWA § 181.032 because Defendants fail to provide such written notice to Plaintiff and the putative Minnesota Class members in a timely fashion. Defendants also failed to provide Plaintiffs and the putative Minnesota Class members in writing any changes to the information in the notice before the date the changes take effect.

147.    Defendants' violations of the above-named statutes are willful and not the result of mistake or inadvertence.

148.    As a direct and proximate result of Defendants' actions, Plaintiffs and putative Minnesota Class Members have been and continue to be damaged, suffering economic harm, lost earnings and benefits, and other damages.

149.    Defendants are liable to Plaintiffs and putative Minnesota Class Members for civil penalties, damages, compensatory damages, and other relief including but not limited to injunctive relief, and all costs and attorneys' fees incurred in this action.

150.    Wherefore, Plaintiffs and the putative Class members request relief as hereinafter provided.

## COUNT X
## [Retaliation - Plaintiff Li]

151.  Plaintiffs incorporate by reference the allegations set forth above.

152.  MWPA § 181.03 provides that: an employer must not retaliate against an employee for asserting rights or remedies under this section, sections 177.21 to 177.44, 181.01 to 181.723, or 181.79, including, but not limited to, filing a complaint with the department or telling the employer of the employee's intention to file a complaint. In addition to any other remedies provided by law, an employer who violates this subdivision is liable for a civil penalty of not less than $700 nor more than $3,000 per violation.

153.  Defendants violated MWPA § 181.03 by firing Plaintiff when Plaintiff informed Defendants that he intended to file a complaint against Defendants.

154.  Defendants' violations of the above-named statutes are willful and not the result of mistake or inadvertence.

155.  As a direct and proximate result of Defendants' actions, Plaintiff has been and continue to be damaged, suffering economic harm, lost earnings and benefits, and other damages.

156.  Defendants are liable to Plaintiff for civil penalties, damages, compensatory damages, and other relief including but not limited to injunctive relief, and all costs and attorneys' fees incurred in this action.

157.  Wherefore, Plaintiff requests relief as hereinafter provided.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs, and

class-action Plaintiffs, respectfully requests that this Court enter a judgment providing the following relief:

a) A declaration that Defendants' pay practices violate the FLSA;

b) A declaration that Defendants' pay practices violate Minnesota wage laws;

c) An order allowing Plaintiffs to notify collective members of their right to opt-in to this action to pursue a claim under FLSA, pursuant to 29 U.S.C. § 216(b);

d) An order allowing Plaintiffs to pursue his Minnesota claims as a class action pursuant to Federal Rule of Civil Procedure 23;

e) An order awarding Plaintiffs and the Collective Members back pay equal to the amount of all unpaid wages, plus an equal amount in liquidated damages for willful violations of the FLSA;

f) An order awarding Plaintiffs and the Collective Members litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the FLSA;

g) An order awarding Plaintiffs and the putative Minnesota Class Members back pay equal to the amount of all unpaid wages, plus an equal amount in liquidated damages for violations of the MFLSA.

h) An order awarding civil penalties, compensatory damages, and injunctive relief for Defendants' violation of the Minnesota accurate record keeping statute;

i) An order awarding civil penalties, compensatory damages, and injunctive relief for Defendants' violation of the Minnesota earnings statement statute;

j) An order awarding civil penalties, compensatory damages, and injunctive relief for Defendants' violation of the Minnesota written notice statute;

k) An order awarding civil penalties, compensatory damages, and injunctive relief for Defendants' violation of the Minnesota retaliation statute;

l) An order awarding penalties and damages for Defendants' improper wage deductions under Minnesota law;

m) An order awarding litigation costs, expenses, and attorneys' fees to the fullest extent permitted under Minnesota law; and

n) Any other relief to which Plaintiffs and the Class Members may be entitled.

Date: June 27, 2022

**GILBERT ALDEN BARBOSA PPLC**

By: /s/ *Charlie R. Alden*
Charlie R. Alden, Reg. No. 038989
2801 Cliff Rd E.
Suite 200
Burnsville, MN 55337
Charlie@GilbertAlden.com
612-990-2484 | Office & Cell
612-806-0585 | Fax

*~and~*

**HANG & ASSOCIATES, PLLC**

/s/ *Jian Hang*
Jian Hang, Esq., Reg. No. 5393608 (New York)
Ge Qu, Esq., Reg. No. 4333654 (New York)
Hang & Associates, PLLC
136-20 38th Avenue, Suite 10G
Flushing, NY 11354
Tel: (718) 353-8588
Fax: (718) 353-6288

**ATTORNEYS FOR PLAINTIFF**