UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Changshan Li, *individually and on behalf of all others similarly situated*,<br><br>                    Plaintiff,<br><br>vs.<br><br>New Asia Chinese Restaurant Wan Da Inc. d/b/a New Asia d/b/a New Asia Chinese Restaurant d/b/a New Asia Express Restaurant d/b/a New Asia Express, Hong Sheng Lin, and Rong Lin,<br><br>                    Defendants. | Civil Action No.: 0:22-cv-01665 (WMW/BRT)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF-COUNTER DEFENDANT'S MOTION TO DISMISS DEFENDANTS-COUNTER CLAIMANTS' COUNTERCLAIM PURSUANT TO RULE 12 OF THE FEDERAL RULES OF CIVIL PROCEDURE** |

**MEMORANDUM OF LAW**

**INTRODUCTION**

In their Answer, Defendants – Counter Claimants ("Counter Claimants" or "New Asia") allege counterclaims of extortion and blackmail against Counter Defendant Changshan Li. Counter Claimants' counterclaim should be dismissed because: (1) this Court lacks subject matter jurisdiction over the counterclaims pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure; and (2) the counterclaim fails to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff's claims in the complaint and the counterclaim do not arise out of the same transaction or occurrence, and the Court does not have independent subject-matter jurisdiction over the counterclaims. Moreover, Minnesota does not recognize a civil cause of action for extortion. Therefore, Counter

1

Defendant's motion to dismiss should be granted in its entirety along with such other and further relief as the Court deems just and proper.

## FACTUAL BACKGROUND

On June 27, 2022, Counter Defendant filed the Complaint, asserting causes of action for wage violations under the FLSA and Minnesota Statutes. *See* Complaint Docket Entry ("D.E.") [1]. On July 17, 2022, Counter Claimants interposed an Answer with counterclaim, alleging one count of counterclaim-extortion and blackmail-against Counter Defendant, asserting that Counter Defendant "cheated Defendant thousands of dollars in the form of tricking him to buy a car with a loan from Defendant but never returned, renting an apartment but never paid the rent, rented Defendant car without ever paying the promised rent," Answer with Counterclaims ¶4. Counter Claimants further alleged that "when Defendant threatened to take actions to force him to return the money and suspend him, Plaintiff threatened that he could sue the Defendant into bankruptcy and forced Defendant to beg him." Answer & CC ¶5. Counter Claimants alleged that "Plaintiff did obtain or attempt to obtain the property of Defendant and others with the threat of use of physical force or other means." Id. ¶¶ 5,6.

## ARGUMENT

**I.  COUNTER CLAIMANTS' COUNTERCLAIM SHOULD BE DISMISSED PURSUANT TO FRCP 12(B)(1) FOR LACK SUBJECT MATTER JURISDICTION BECAUSE THE COUNTERCLAIM IS PERMISSIVE AND THE COURT HAS NO INDEPENDENT SUBJECT-MATTER JURISDICTION**

    **A. The Counterclaim Is Not a Compulsory Counterclaim but a Permissive Counterclaim**

"When deciding a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) on the pleadings, a court must accept the claimant's factual allegations as true and view them in the light most favorable to the non-movant." *Great Rivers Habitat Alliance v. FEMA*, 615 F.3d 985, 988 (8th Cir. 2010). The party invoking federal jurisdiction bears the burden of establishing jurisdiction exists. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). The court must ensure it has subject-matter jurisdiction before proceeding. *Ark. Blue Cross & Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009).

The Court has jurisdiction over compulsory counterclaims, even if such claims could not have been brought independently in federal court. *Tullos v. Parks*, 915 F.2d 1192, 1195 (8th Cir. 1990). Federal Rules of Civil Procedure 13(a) provides that a defendant's counterclaim is compulsory if it "arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim." Fed. R. Civ. P 13(a). The Eighth Circuit has articulated a four-part test to determine whether a claim and counterclaim arise out of the same "transaction or occurrence." *Pecore v. Jennie-O Turkey Store, Inc.*, 990 F Supp 2d 984, 988 (D Minn 2014); *see Cochrane v. Iowa Beef Processors, Inc.*, 596 F.2d 254, 264 (8th Cir. 1979). The four parts are: (1) Do they raise largely the same issues of fact and law? (2) Would *res judicata* bar a subsequent suit on the defendant's counterclaim? (3) Will substantially the same evidence support or refute them? (4) Is there any logical relation between them? *Id*. If the answer to any of these is affirmative, the counterclaim is compulsory.

3

### *Same issues of Fact and Law*

Defendant's counterclaim does not raise the same issue of fact or law as Plaintiff's claims. The only connections between the wage claims and counterclaim is Plaintiff's employment with New Asia. The factual underpinnings of these two sets of claims diverge from there. Plaintiff's claims involve various wage and hour violations under the FLSA and Minnesota Statutes, including New Asia's underpayment of wages to Counter Claimant and retaliatory discharge of Counter Defendant after he informed Counter Claimants his intention to file Complaint against them. None of the material facts are relevant to New Asia's counterclaim. Counter Claimants' counterclaim involves extortion and blackmail; specifically, they allege that Plaintiff cheated New Asia out of cars and apartments as an employee. In other words, the counterclaim involves alleged acts of deception, while Plaintiff's Complaint centers on New Asia's payroll and labor practices.

Moreover, New Asia's wage and hour practices have nothing to do with the Counter Defendant's alleged behaviors as an employee. Nor do the claims and counterclaim share issues of law. Indeed, the Complaint alleges causes of action arising under the FLSA and analogous State law while the counterclaim stems solely from common law.  None of the elements of wage and hour law overlaps with elements of extortion or blackmail. Therefore, the claims and counterclaim do not raise the same – or even similar – issues of law or fact.

### *Res Judicata*

*Res judicata* would not bar a subsequent suit on Counter Claimants' counterclaim. *Res judicata*, or "claim preclusion," bars parties from re-litigating the "same cause of

4

action." *Nelson v. Am. Family Ins. Group*, 651 N.W.2d 499, 511 (Minn. 2002). Plaintiff's claims and New Asia's counterclaim are not sufficiently similar to constitute one or the same "cause of action." As they do not share issues of law or fact, a decision by this Court on Plaintiff's claims will not affect the determination of New Asia's claim. The parties' claims are not so related that a court "would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966).

### *Same Evidence*

Proof of both parties' claims and defenses will not require substantially the same body of evidence. Proof of the Plaintiff's wage and hour claims will require disclosure of New Asia's employees' time and payroll records as well as testimony by custodians and employees. New Asia may argue that proof of their counterclaim may also require employee testimony, and there will be overlapping witnesses. However, the subject matter of employees' testimony with respect to the claims and counterclaim will not overlap. For the wage claims, employees will need to testify New Asia's wage and hour practice and the accuracy of the time and payroll records to prove Plaintiff/Counter Defendant's claims; while for the counterclaim, witnesses will need to testify regarding Plaintiff's personal actions. Given their disparate subject matter, the evidence to support of refute the parties' claims will not be substantially the same.

### *Logical Relation*

Finally, the claims and counterclaim lack the sort of logical relationship that would require them to be litigated together. The "logical relationship" test "requires a

determination of whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one case." *Blue Dane Simmental Corp. v. Am. Simmental Ass'n*, 952 F. Supp. 1399, 1410 (D. Neb. 1997) (quotation omitted).

Here, the parties' claims and counterclaim do not have sufficient logical connection as the wage and hour claims, how employers compensate employees, are different from the counterclaim of extortion and blackmail, the subject of which happens to be an employee. Indeed, trying these two sets of claims together will confuse or prejudice a jury as the trial will necessarily requires presentation of two sets of facts and legal theories.

Therefore, the parties' claims and counterclaim do not arise out of the same transaction or occurrence and New Asia's counterclaim is not compulsory counterclaim.

### B.  The Counterclaim Has No Independent Subject-Matter Jurisdiction

If a counterclaim is not compulsory, it is permissive, which will require independent subject-matter jurisdiction. Here, the counterclaim has no federal question jurisdiction pursuant to 28 U.S.C. 1331 because the counterclaim of extortion and blackmail does not arise under federal law. Counter Claimant also failed to include references to the federal question and the federal issue evoked in the initial Answer with counterclaim, which is a prerequisite to satisfy the federal question jurisdiction pursuant to 28 U.S.C. 1331. The counterclaim lacks diversity jurisdiction because Counter Defendant resided in State of Minnesota, and Counter Claimants New Asia and Hongsheng Lin resided in State of Minnesota as well, when the case commenced. Therefore, diversity between the parties is absent.

Granted, permissive counterclaim may have supplemental jurisdiction. *See Graf v. Pinnacle Asset Grp.*, LLC, No. 14-1822 (SRN/SER), 2015 US Dist LEXIS 18069 at *1 (D Minn Jan. 27, 2015) ("[m]any other courts have concluded, however, that the 'case or controversy' language in §1367(a) provides for supplemental jurisdiction over compulsory counterclaims and 'at least some permissive counterclaims."). Still, New Asia's counterclaim is outside the category of permissive counterclaims.

Here, the claims and counterclaim are not part of the "same case or controversy" as required by § 1367. Claims form part of the "same case or controversy" if they share a "common nucleus of operative fact"—that is, if there is some "discernible overlap" between the claims. *Hunt v. Up North Plastics, Inc.*, 980 F. Supp. 1042, 1045 (D. Minn. 1997) (Tunheim, J.). Counter Defendant's claims and New Asia's counterclaim do not share a "common nucleus of operative facts." They share only one fact: the employment relationship between Counter Defendant and New Asia in April 2020. Even the termination of the employment relationship is in dispute. It is well settled law that the parties' employment relationship alone is insufficient an overlap to support the Court's supplemental jurisdiction. *See Pecore v. Jennie-O Turkey Store, Inc.*, 990 F Supp 2d 984, 990 (D Minn 2014); *See, e.g., Ahle v. Veracity Research Co.*, 641 F. Supp. 2d 857, 865 (D. Minn. 2009) (Montgomery, J.); *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 468 (S.D.N.Y. 2008). Therefore, the Court's supplemental jurisdiction cannot reach New Asia's counterclaim.

Thus, since New Asia's counterclaim is permissive and does not have independent subject matter jurisdiction, the counterclaim must be dismissed pursuant to Fed. R. Civ. P 12(b)(1).

**II.    THE COUNTERCLAM SHOULD BE DISMISSED PURSUANT TO FRCP 12(B)(6) FOR FAILRE TO STATE A CLAIM BECAUSE MINNESOTA DOES NOT RECOGNIZE A CIVIL CAUSE OF ACTION FOR EXTORTION.**

The counterclaim asserts a claim for "extortion and blackmail." As a threshold matter, Minnesota does not recognize a civil cause of action for extortion. *Blaz v. Molin Concrete Products, Inc.*, 309 Minn. 382, 383, 244 N.W.2d 277, 278 n.1 (1976) ("Plaintiffs' counsel argued orally before this court … that an additional tort of 'extortion' was also committed. We are unaware of any civil tort so denominated[.]").

Therefore, Counter Claimants' counterclaim should be dismissed pursuant to Fed. R. Civ. P 12(b)(6) for failure to state a claim upon which relief can be granted.

## CONCLUSION

For the reason set forth above, Moving Counter Defendant respectfully requests an order granting Moving Counter Defendant's Motion to Dismiss in its entirety along with such other and further relief as the Court deems just and proper.

Dated: August 8, 2022  Respectfully submitted,

**GILBERT ALDEN BARBOSA PLLC**
<u>By</u>:*/s/ Charlie R. Alden*
Charlie R. Alden, Reg. No. 038989
2801 Cliff Rd E., Suite 200
Burnsville, MN 55337
Charlie@GilbertAlden.com
612-990-2484 | Office & Cell
612-806-0585 | Fax

*~ and ~*

**HANG & ASSOCIATES, PLLC**

<u>By</u>:*/s/ Jian Hang*
Jian Hang, Esq., Reg. No. 5393608 (New York)
Ge Qu, Esq., Reg. No. 4333654 (New York)
Hang & Associates, PLLC
136-20 38th Avenue, Suite 10G
Flushing, NY 11354
Tel: (718) 353-8588
Fax: (718) 353-6288

**ATTORNEYS FOR PLAINTIFF**

9