## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Changshan Li, *individually and on behalf of all others similarly situated*,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>New Asia Chinese Restaurant Wan Da Inc. d/b/a New Asia d/b/a New Asia Chinese Restaurant d/b/a New Asia Express Restaurant d/b/a New Asia Express, Hong Sheng Lin, and Rong Lin,<br><br>　　　　　Defendants. | Civ. No. 22-1665 (WMW/BRT)<br><br>**ORDER ON PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND THE ISSUANCE OF COURT-SUPERVISED NOTICE TO PUTATIVE CLASS MEMBERS** |

This matter is before the Court on Plaintiff Changshan Li's Motion for Conditional Certification and the Issuance of Court-Supervised Notice to Putative Class Members. (Doc. No. 25.) The FLSA allows employees to bring a collective action "for and in behalf of . . . themselves and other employees similarly situated." 29 U.S.C. § 216(b). Thus, to proceed as a collective action under the FLSA, the plaintiff must show that the putative class members are "similarly situated." *Id.* To determine whether the putative class members are similarly situated for certification of a collective action under the FLSA, courts use a two-step process. *Kalish v. High Tech. Inst., Inc.*, Civ. No. 04–1440, 2005 WL 1073645, at *1 (D. Minn. Apr. 22, 2005) (citing *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102–03 (10th Cir. 2001)). At the initial stage, the court determines whether the class should be conditionally certified for notification and discovery purposes. *Id.* At this conditional certification stage, the plaintiff need only come forward with evidence establishing a colorable basis for their claim that the

3

putative class members were together the victims of a single decision, policy, or plan. *See id.* at *2; *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 267 (D. Minn. 1991) (*Severtson I*). That is, the plaintiff must show that there is some factual basis beyond the mere averments in their complaint for the class allegations. *Severtson I,* 137 F.R.D. at 267; *Severtson v. Phillips Beverage Co.*, 141 F.R.D. 276, 278–79 (D. Minn. 1992) (*Severtson II*). At the second stage—which comes after discovery is completed—the court uses a stricter standard for determining whether the putative class members are similarly situated and reconsiders whether the trial should proceed collectively or if it should be severed. *Kalish*, 2005 WL 1073645, at *1. At this second stage, the court conducts a fact-intensive inquiry of several factors, including: (1) the extent and consequence of disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; and (3) fairness and procedural considerations. *See Thiessen*, 267 F.3d at 1102–03. Here, this case is at the initial stage, and the Court finds that Plaintiff has met its burden under the standard.

After reviewing the file and records herein, including the memoranda and declarations submitted, the Court therefore orders as follows.

1. **Conditional Certification**. The Named Plaintiff's motion for conditional certification under section 216(b) of the Fair Labor Standards Act (FLSA) (Doc. No. 25) is **GRANTED**. The FLSA Class is defined as follows:

> Any and all individuals currently or formerly employed by New Asia Chinese Restaurant Wan Da Inc. d/b/a New Asia d/b/a New Asia Chinese Restaurant d/b/a New Asia Express Restaurant d/b/a New Asia Express ("New Asia")

4

within the United States as a non-exempt employee at any time in the three years leading up to the issuance of the court-approved Notice.

2. **Collective Action Representatives; Class Counsel**. Subject to further order of the Court, the FLSA Collective Action Representative Charlie R. Alden, Jian Hang, and Ge Qu are designated as counsel for the FLSA Collective Action Class (hereinafter "FLSA Class Counsel").

3. **Collective Action Class List**. The Court directs New Asia to provide FLSA Class Counsel a computer-readable file containing the names (last names first), last known physical addresses, and last known email addresses of all putative collective action members employed by New Asia since June 27, 2019, through the date of this Order.[1]

4. **Methods of Forms of Notice.** The Named Plaintiff's request for FLSA notice to current and former employees of New Asia via United States mail and e-mail is **GRANTED IN PART**. More specifically, FLSA Class Counsel is authorized to send notice of this action to all putative collective action members and an opt-in consent form, as well as Plaintiff's proposed reminder in the formats specified in both Exhibits C to the Declaration of Charlie R. Alden—**AS MODIFIED BELOW**—by first-class mail to the last known address of each putative plaintiff and by e-mail to the last known e-mail address of each putative plaintiff. **MODIFICATION:** The Notice must be amended to remove

---

[1] The proposed Notice requests delivery by mail and email, therefore any request for the last known telephone numbers and dates of employment of all putative collective action members is not needed at this notice stage and is therefore denied. Counsel must meet and confer about this potential future discovery for purposes of the upcoming Rule 26(f) pretrial scheduling conference. Discovery disclosures and production dates will be discussed at that time.

"(2)   Hong Sheng Lin; or (3)   Rong Lin" from the first paragraph of the Notice. By striking those words from the Notice, the reference to "Defendants" throughout the Notice will refer solely to "New Asia Chinese Restaurant Wan Da Inc. d/b/a New Asia d/b/a New Asia Chinese Restaurant d/b/a New Asia Express Restaurant d/b/a New Asia Express located at 474 Lexington Pkwy North, St. Paul, MN 55104."

5. **Opt-in Period, Effective Date, and Filing Date**. Members of the collective action who wish to opt-in to the present action must do so within ninety (90) days from the date upon which FLSA Class Counsel mails the Notice and Opt-in Consent Forms. Consents to join the conditionally certified collective action shall be effective if dated and postmarked by the opt-in class member 90 days from the date they are mailed by FLSA Class Counsel. Each opt-in plaintiff's consent form shall be deemed "filed" with the Court on the date the form is postmarked or stamped as received by FLSA Class Counsel (to the extent consent forms are returned via email, fax).[2] FLSA Class Counsel shall then e-file the consent forms received from opt-in plaintiffs weekly on a rolling basis and no later than 14 days after the end of the opt-in period.

6. **Discovery Stay**. As of the entry of this Order, all discovery and other deadlines in this case, except for those that pertain to the pending Motion to Dismiss (Doc. No. 32), will be **STAYED** until after the Court holds a pretrial conference in this case, at which point this stay will be lifted and the Court will enter a case scheduling order.

7. The hearing currently set for September 1, 2022, at 9:00a.m. before the

---

[2]   Plaintiff's counsel referenced returns by "text message." Because the Notice will be sent by mail and email only, Plaintiff's request for the inclusion of returns by text message here is inapplicable and denied.

undersigned on Plaintiff's Motion for Conditional Certification and the Issuance of Court-Supervised Notice to Putative Class Members, is hereby **CANCELED**.

Dated: August 26, 2022                              s/ Becky R. Thorson
                                                    BECKY R. THORSON
                                                    United States Magistrate Judge