UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Changshan Li, | Case No. 22-cv-1665 (WMW/JFD) |
| Plaintiff, | **ORDER** |
| v. | |
| New Asia Chinese Restaurant Wan Da, Inc., Hong Sheng Lin and Rong Lin, | |
| Defendants. | |

This matter is before the Court on three motions. Defendant Rong Lin (R.L.) moves to dismiss Plaintiff Changshan Li's claims as to her. (Dkts. 13, 17). Li moves to dismiss Defendants New Asia Chinese Restaurant Wan Da, Inc., and Hong Sheng Lin's (H.L.) counterclaim. (Dkt. 32). For the reasons addressed below, R.L.'s motions to dismiss are denied and Li's motion to dismiss is granted.

## BACKGROUND

Li resides in Minnesota. New Asia is a restaurant incorporated in Minnesota and located in St. Paul, Minnesota. H.L. and R.L. own New Asia and manage its employees.

Li worked at New Asia between approximately April 4, 2020, and April 2, 2022, as food-delivery employee. Li alleges that he worked approximately 67 hours during his six-day workweek. No matter how many hours he worked, Li alleges, New Asia always paid him a flat base salary without any overtime compensation. For example, from April 2020 to April 2021, Li alleges that Defendants paid him a flat amount of $300 per month, no matter how many hours Li worked. The highest payment rate Li

alleges is a monthly payment of $700 from February 2022 to April 2022, regardless of the number of hours Li worked.  After working for New Asia for approximately two years, Li alleges that he notified Defendants that he intended to file a complaint regarding his wages.  According to Li, he was fired later that day.  Defendants did not provide Li with any written wage notices or an accurate earnings statement with each paycheck, Li alleges.

Li alleges ten claims against Defendants: minimum wage violations of the Fair Labor Standards Act (FLSA) and Minnesota Fair Labor Standards Act (MFLSA), overtime wage violations of the FLSA and MFLSA, record-keeping violations of the MFLSA, failure to pay for all hours worked in violation of the Minnesota Prevailing Wage Act (MPWA), failure to pay wages promptly in violation of the MPWA, recordkeeping violations of the MPWA, written notice violations of the MPWA and retaliation in violation of the MPWA.  Li also seeks to certify this matter as a class action pursuant to Rule 23, Fed. R. Civ. P.

New Asia and H.L. allege one counterclaim against Li for "blackmail and extortion."  During his time as a New Asia employee, New Asia and H.L. allege, Li cheated H.L. out of "thousands of dollars" by inducing H.L. under false pretenses to buy a car for Li with a loan that Li never repaid, to rent an apartment for which Li never paid rent and to lease a car for which Li never made payments.  When H.L. "threatened to take action[]" against Li, New Asia and H.L. allege, Li threatened to "sue the Defendants into bankruptcy."

# ANALYSIS

## I. R.L.'s Motion to Dismiss Li's Claims as to R.L.

R.L. seeks dismissal of Li's claims on three independent grounds: insufficient service of process, lack of subject-matter jurisdiction and failure to state a claim on which relief can be granted. Li has not responded to R.L.'s motion. The mere fact that a motion to dismiss is unopposed does not relieve the district court of the obligation to examine the complaint. *See Marcure v. Lynn*, 992 F.3d 625, 632 (7th Cir. 2021) (internal quotation marks omitted).

### a. Insufficient Service of Process

Absent service of process or waiver of the same, "a court ordinarily may not exercise power over a party the complaint names as defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *see also* Fed. R. Civ. P. 12(b)(5). A party asserting insufficient service of process must make a motion asserting this defense "before pleading if responsive pleading is allowed." Fed. R. Civ. P. 12(b). However, "[d]ismissal pursuant to Rule 12(b)(5) is not 'invariably required where service is ineffective.' " *Enter. Bank & Tr. v. May*, No. 4:20-CV-00278 JAR, 2020 WL 7056011, at *3 (E.D. Mo. Dec. 2, 2020) (quoting *Haley v. Simmons*, 529 F.2d 78, 79 (8th Cir. 1976)). A court may, for example, dismiss an action without prejudice, quash service or permit the plaintiff to cure defects in service. *See id.* (citing *Moore's Fed. Prac.* § 12.33[5]).

Here, R.L. asserts that Li did not properly serve her in any of the manners specified by Rule 5(b)(2),[1] Fed. R. Civ. P. Rather, R.L. argues that the "only evidence" of service in this matter is that Defendants New Asia and H.L. were served. The docket reflects that R.L. is correct. No filing or other document indicates that Li served R.L., sufficiently or otherwise. Moreover, R.L. complied with the Federal Rules of Civil Procedure and raised her 12(b)(5) motion before filing any responsive pleadings.[2] *See* Fed. R. Civ. P. 12(b). Absent service of process, therefore, the Court should refrain from exercising jurisdiction over R.L.

As to R.L.'s argument that the Court should dismiss Li's claims against her due to insufficient service, the Court declines to do so at this juncture. Instead, the Court will give Li an opportunity to cure any defects in service. *See Keenan v. Holy See*, 521 F. Supp. 3d 825, 832 (D. Minn. 2021).

Accordingly, the Court denies R.L.'s motion to dismiss because Li did not properly serve R.L. but grants Li thirty days from the date of this Order to perfect service on R.L. And because R.L. filed two copies of the same motion (the first dated July 17, 2022, without the memorandum of law and other attachments that the Local Rules require and the second dated July 22, 2022, with those documents) the Court's ruling pertains to the second copy of R.L.'s motion, dated July 22, 2022. The Court treats as erroneously

---

[1] R.L.'s memorandum of law appears to conflate Rule 4 and Rule 5, Fed. R. Civ. P. Given the nature of R.L.'s motion, the Court will proceed by treating these citations to Rule 4 as citations to Rule 5, Fed. R. Civ. P.

[2] The answer filed in this case only names New Asia and H.L. and omits R.L. from the list of defendants answering through this pleading.

filed and denies as moot the first copy of R.L.'s motion, dated July 17, 2022.

### b. R.L.'s Remaining Motions

Because the Court denies R.L.'s motion to dismiss as discussed above, the Court declines to address the remaining grounds for R.L.'s motion to dismiss or R.L.'s alternative motion for a more definite statement. The Court, therefore, denies as moot R.L.'s motion for a more definite statement.

### II. Li's Motion to Dismiss Defendants New Asia and H.L.'s Counterclaim.

Li moves for dismissal of Defendants New Asia and H.L.'s counterclaim for "blackmail and extortion," citing Rules 12(b)(1) and 12(b)(6), Fed. R. Civ. P. New Asia and H.L. oppose Li's motion.

A counterclaim must be dismissed if it fails to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the counterclaim must allege sufficient facts that, when accepted as true, state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When determining whether the counterclaim states such a claim, a district court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the counterclaimant's favor. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010). The factual allegations need not be detailed, but they must be sufficient to "raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A counterclaimant must offer more than "labels and conclusions" or a "formulaic recitation of the elements of a cause

of action." *Iqbal*, 556 U.S. at 678–79. Legal conclusions that are couched as factual allegations may be disregarded by the district court. *Id*. Facts pled which "give the [opposing party] fair notice of what the claim is and the grounds upon which it rests" meet the 12(b)(6) standard. *Twombly,* 550 U.S. at 555.

Li argues that Rule 12(b)(6), Fed. R. Civ. P., mandates dismissal of New Asia and H.L.'s counterclaim because Minnesota law does not recognize a civil cause of action for extortion. New Asia and H.L. respond that Minnesota Statutes Section 609.27, subdivision 1(3), "cover the facts alleged" and Li's actions, such that dismissal is inappropriate.

The Minnesota Supreme Court has not recognized any civil cause of action for extortion in tort. *See Blaz v. Molin Concrete Prods. Co.*, 244 N.W.2d 277, 383 n.1 (Minn. 1976). Minnesota law does contain a statutory crime of extortion. *See* Minn. Stat. § 609.27, subdiv. 1(3). However, criminal statutes do not "give rise to a civil cause of action unless the statute expressly or by clear implication so provides." *Reis v. City of Nisswa*, A21, 0839, 2022 WL 274741, at *3 (Minn. Ct. App. Jan. 31, 2022) (quoting *Larson v. Dunn*, 460 N.W.2d 39, 47 n.4 (Minn. 1990) (holding that Minnesota Statute section 609.27 "does not provide for a civil action")). The specific statute that New Asia and H.L. cite, Minnesota Statutes Section 609.27, "do[es] not provide a basis for civil relief." *Ikechi v. Verizon Wireless*, No. 10-cv-4554 (JNE/SER), 2011 WL 2118797, at *8 (D. Minn. Apr. 7, 2011) (holding that civil claims for "extortion and blackmail" under Minn. Stat. § 609.27 "do not give rise to a valid civil claim" and dismissing complaint).

6

Here, New Asia and H.L. rest exclusively on the argument that Minnesota Statutes section 609.27 supports their counterclaim for extortion and blackmail. This argument fails, as the statute on which New Asia and H.L. rely does not create a private right of action. *See Reis*, 2022 WL 274741, at *3; *Ikechi*, 2011 WL 2118797, at *8. Because Minnesota law does not recognize any separate civil claim for extortion, *see Blaz*, 244 N.W.2d at 383 n.1, no cause of action exists to support this counterclaim. New Asia and H.L., therefore, have not stated a "facially plausible claim to relief." *Iqbal*, 556 U.S. at 678; *see* Fed. R. Civ. P. 12(b)(6).

For this reason, the Court grants Li's motion to dismiss New Asia and H.L.'s counterclaim.

**ORDER**

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED**:

1. Defendant Rong Lin's motion to dismiss for insufficient service of process dated July 22, 2022, (Dkt. 17), is **DENIED**.  Plaintiff Changshan Li shall have 30 days from the date of this Order to perfect service on Defendant Rong Lin in accordance with the Federal Rules of Civil Procedure.

2. Defendant Rong Lin's motion to dismiss, or in the alternative, for a more-definite statement dated July 13, 2022, (Dkt. 13), is **DENIED AS MOOT**.

3. Plaintiff Changshan Li's motion to dismiss, (Dkt. 32), is **GRANTED**.


Dated:  January 10, 2023                                s/Wilhelmina M. Wright
                                                                                               Wilhelmina M. Wright
                                                                                               United States District Judge